IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLIE THOMAS,            :
                                  :
             Plaintiff      :
                                  :
         VS.               :
                                  :
GEORGIA STATE BD OF PARDONS  :    NO. 5:06-cv-309 (CAR)
& PAROLES, and its Chairman,    :
GARLAND HUNT,          :
                                  :
         Defendants    :    **O R D E R**

Plaintiff **CHARLIE THOMAS**, a prisoner at Men's State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

In 1977, plaintiff was convicted of armed robbery and murder in Fulton County, Georgia, and sentenced to life imprisonment.  *Thomas v. State*, 242 Ga. 712, 251 S.E.2d 294 (1978). According to the Georgia Department of Corrections' website, he was released on parole in 1990. In July 2001, plaintiff was arrested and jailed on unspecified charges.  Because of his status as a

parolee, plaintiff was required to notify his parole officer of his arrest.  According to plaintiff, he was unable to do so because he had no money and his parole officer would not accept collect calls. As a result, plaintiff was charged with violating the conditions of his parole.  Plaintiff claims that he was thereafter told if he signed a waiver (presumably of a parole hearing), he could "expect to be out of jail in a couple of years on this technical violation."  Due to his illiteracy, plaintiff could not read the waiver, but nevertheless signed it.  Plaintiff, still incarcerated, claims he was lied to.

Plaintiff files this action against the Georgia State Board of Pardons and Paroles (the "Board") and its Chairman, Garland Hunt, seeking equitable relief only; namely, to be returned to his prior parole status.

## III.  DISCUSSION

Plaintiff raises what appears to be a due process claim.  The Supreme Court of the United States has recognized that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1970).  In *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995), the Eleventh Circuit held that Georgia's parole system does not create a constitutionally protected liberty interest in parole.  Because the Georgia parole system does not create a constitutional due process interest that would confer upon plaintiff an expectation of a particular outcome in his parole decision, the Board's failure to parole plaintiff did not violate his rights under the Due Process Clause of the Fourteenth Amendment. Although plaintiff may believe that he is entitled to parole, the Board has broad discretion to require plaintiff to serve his entire sentence in prison.

Moreover, to the extent plaintiff wishes to challenge the 2001 revocation of his parole, the Court notes that plaintiff's claims are barred by the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986). Plaintiff did not file the instant lawsuit until September 5, 2006, five years after his parole revocation. Because plaintiff failed to file his complaint within two years after his 2001 revocation, his claim is barred on its face by the statute of limitations.

It would appear that plaintiff's proper remedy is to file a state mandamus petition. ***See Johnson v. Griffin***, 271 Ga. 663, 522 S.E.2d 657 (1999).

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 13th day of October, 2006.

s/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr